Albert A. Blinder, J.
This is a motion for an order pursuant to CPLR 3211 (subd [a], pars 1, 5, 7) dismissing the *1047 claim on the grounds that (1) the claim fails to state a cause of action, and (2) the claim cannot be maintained because defendant had made payment in full settlement of it.
The claimant, at the return date of the motion, cross-moved for summary judgment.
On August 6, 1969 the defendant appropriated lands owned by the claimant pursuant to section 30 of the Highway Law. On November 25, 1969 the claimant and the defendant entered into a partial payment agreement whereby the State agreed to pay the claimant the sum of $17,250, which represented 75% of the defendant’s appraisal for the damages caused by the appropriation. Provision was made in the agreement for partial payment for "[tjransfer to the Claimant, by virtue of this Agreement, of all right, title and interest of the State, as acquired or about to be acquired in the aforementioned appropriation proceedings, in and to a feed mill (salvage value of $1,200.00) a garage (salvage value $50.00), being the building(s) or improvement(s) situated on the above identified property, the value of which represents the balance of said partial payment.”
The moving papers relate that the claimant took possession of and removed the feed mill and the garage on or before June 17, 1970.*
The claim for the appropriation, Claim No. 54120 was thereafter tried and on March 21, 1973 a decision was filed awarding the claimant the sum of $66,885, with appropriate interest for all damages caused by the appropriation. The court’s decision valued the feed mill at $37,500 and the garage at $1,125.
Because of title objections and the Attorney-General’s refusal to certify title for entry of judgment, the parties entered into a stipulation dated May 4, 1973 permitting an order to be entered allowing the entry of judgment pursuant to section 22 of the Court of Claims Act. Thereafter, judgment was entered on May 18, 1973. From this judgment the State appealed.
On March 28, 1974 the parties stipulated to discontinue the appeal and the defendant agreed to pay to the claimant the sum of $75,000, inclusive of interest. The stipulation makes no mention of any claim of salvage. Thereafter on or about April *1048 12, 1974 the Attorney-General’s office issued a certificate of no further appeal, conditioned upon the payment to the claimant of the sum of $75,000. On September 24, 1974 the claimant’s attorneys duly filed with the Comptroller a waiver of attorneys’ lien, satisfaction of judgment and the certificate of no further appeal.
The Comptroller issued a warrant in the amount of $73,750 on October 2, 1974 and transmitted the same to the claimant’s attorneys. This amount represented the $75,000 less the sum of $1,250 in salvage. The defendant contends that the deduction for the salvage was made pursuant to subdivision 9 of section 20 of the Court of Claims Act, which provides as follows: "Notwithstanding any other provision of law, when any advance payment has been made pursuant to any statute relating to the appropriation of property by the state, the comptroller, on paying the judgment of the court of claims for the real property acquired, shall deduct from the total amount awarded as principal and interest the amount of principal paid under the terms of the partial payment offer and all interest thereon; and only the balance of such judgment shall be payable.”
The claimant contends that the judgment which was entered pursuant to Judge Heller’s decision did not grant the State any alleged credit for salvage. This statement is, of course, correct. Judge Heller’s decision did not mention any salvage value for any of the improvements located on the appropriated parcel. The reason for this is obvious. The partial payment agreements could not have been properly before the court. The trial court valued the feed mill at $37,500. The salvage value for this in the agreement was $1,200. The garage, for which the salvage value was $50, was valued at $1,125.
While the stipulation of discontinuance made no mention of a deduction for salvage value of the buildings removed by the claimant, it is clear that the stipulation referred to the judgment. The judgment in turn was based on the court’s decision, which did not cover the partial payment agreement. The Court of Claims Act quite clearly requires the Comptroller to deduct from the total amount awarded as principal and interest the amount of principal paid under the terms of the partial payment agreement and to pay only the balance of the judgment.
The claimant’s disappointment in having $1,250 deducted *1049 from the settlement figure is understood. Claimant’s counsel in negotiating the stipulation compromising, withdrawing and discontinuing the notice of appeal no doubt did not consider the fact that the salvage value would be deducted from the judgment. It also appears to be true that he negotiated the stipulation with a representative of the Department of Law other than the one with whom he negotiated the agreement for partial payment. The passage of five years between the execution of the agreement for partial payment and the execution of the stipulation withdrawing the appeal would call for the Department of Law out of professional courtesy to have reminded claimant’s counsel that there would be a deduction for salvage value of the two removed structures. Nevertheless, the law is clear and the Comptroller acted properly.
Accordingly, it is the court’s decision that the claimant has been paid the $75,000 due to him and therefore has received just compensation. The defendant’s motion to dismiss is granted. Settle order on notice.

 The balance of $16,000 under the partial payment agreement was not paid because of title problems preventing the claimant from furnishing the necessary documentation.